# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 15-60462-Civ-COOKE/TORRES

JENNIFER ORTEGA-PLEASANT,

     Plaintiff,

vs.

HOME DEPOT U.S.A., INC., d/b/a
THE HOME DEPOT, a foreign
Corporation, and YOANKY
HERNANDEZ, as store manager,

     Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

THIS MATTER is before me on Plaintiff Jennifer Ortega-Pleasant's Motion to Remand (ECF No. 6). Defendants have not timely filed a response in opposition to the Motion to Remand. For the reasons explained in this Order, Plaintiff's Motion to Remand is granted, and this matter is remanded back to the Seventeenth Judicial Circuit in and for Broward County, Florida.

## I.     BACKGROUND

This negligence case was originally filed in state court. Defendants subsequently removed the case to this Court on the basis of diversity jurisdiction. Defendants admit that Plaintiff and Defendant Yoanky Hernandez ("Hernandez") are both citizens of Florida, but they allege that Hernandez was only joined as a defendant in order to defeat diversity jurisdiction. Defendants further attempt to establish diversity jurisdiction on the grounds that Plaintiff's pre-suit demand letter offered to settle the lawsuit for $1,000,000. Plaintiff's medical bills and expenses, however, as set forth in the pre-suit demand and as represented by Plaintiff in the Motion to Remand, amount to under $16,000.

## II.     LEGAL STANDARDS

"Diversity jurisdiction exists where the suit is between citizens of different

states and the amount in controversy exceeds the statutorily prescribed amount." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). The amount in controversy necessary to establish diversity jurisdiction is $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[T]he burden of proving jurisdiction lies with the removing defendant." *Williams*, 269 F.3d at 1319. "Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). "[R]emoval statutes are construed narrowly." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

## III.   DISCUSSION

Defendant relies on a pre-suit demand letter to establish the amount in controversy requirement. (ECF No. 1 at ¶ 3). The pre-suit demand letter describes the alleged injury sustained by Plaintiff after she slipped and fell at Defendant Home Depot's premises. (ECF No. 1-1). Essentially, Plaintiff claims she suffered one herniated disc, and associated spinal injury, as a result of her fall. *Id.* The pre-suit demand letter further states that Plaintiff has reached maximum medical improvement, and has suffered a 10% permanent impairment to her body. *Id.* The total medical bills and expenses claimed by Plaintiff amounted to $15,374.73, according to the pre-suit demand letter. *Id.* Nevertheless, Plaintiff demanded $1,000,000 as a settlement amount. *Id.*

The weight given to settlement offers in determining the actual amount in controversy in any given case will depend on the circumstances. *Jackson v. Select Portfolio Servicing, Inc.*, 651 F.Supp.2d 1279, 1281 (S.D. Ala. 2009). "Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide 'specific information ... to support [the plaintiff's] claim for damages' suggest the plaintiff is 'offering a reasonable assessment of the value of [his] claim' and are entitled to more weight. *Id.* (citation omitted).

In this case, the settlement offer is devoid of the type of detail needed to carry

Defendants' burden of establishing that the amount in controversy exceeds $75,000, as required for diversity jurisdiction purposes. There is no detailed explanation as to why Plaintiff's claim would be worth five times the amount Plaintiff has expended on medical bills. Certainly, there is no explanation to support the claim of $1,000,000, indicating that the settlement offer was mostly just puffing and postering.

Given that the evidence is insufficient to establish that removal was proper or that jurisdiction is present, it is **ORDERED and ADJUDGED** that

1. Plaintiff's Motion to Remand (ECF No. 6) is **GRANTED**.

2. This matter is therefore remanded to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

3. The Clerk of Court is directed to **CLOSE** this case.

4. All pending motions not otherwise ruled upon are **DENIED as moot**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 29th day of May 2015.

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*